IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00704-WYD-KLM

CRISTIAN DIPAULO,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS FOR COUNTY OF ARAPAHOE, et al.,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

    This matter is before the Court upon the Plaintiff Cristian DiPaulo and Defendants Board of County Commissioners, Arapahoe County Sheriff's Office and Starbuck's ("Defendants") Stipulated Motion for Protective Order (Doc. #33) designed and intended to preserve the confidentiality and privacy of documents and other information to be exchanged between them pursuant to their respective disclosure obligations and discovery efforts in the above-captioned action, and the Court being fully advised in the premises and for good cause appearing, the parties' Stipulated Motion for Protective Order is **GRANTED** and **IT IS ORDERED** as follows:

    1.    It is contemplated that both Plaintiff and Defendants will seek and exchange Confidential Information (as defined below in Paragraph 2) from and between each other in this action as part of their respective disclosure and discovery efforts.

1

2. "Confidential Information" means any document, file, record, oral testimony, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom, that contains information that is confidential and implicates common law and/or statutory or constitutional privilege or privacy interests and has been designated by one of the parties in this action in the manner provided in Paragraph 3 below as containing Confidential Information, including, but not limited to, the following:

    a) Employment personnel files, including complaint, disciplinary and/or internal affairs records.

    b) Medical records, including psychological counseling and mental health records.

    c) Tax or personal financial records.

    d) Those portions of transcribed deposition or other witness testimony disclosing Confidential Information.

3. Where Confidential Information is produced, exchanged, provided, or otherwise disclosed by one party to the other party in response to any disclosure or discovery request or obligation, it shall be designated as Confidential Information in the following manner:

    a) By imprinting or stamping the word "Confidential" on the first page or cover of any document, record, or thing produced;

    b) By imprinting or stamping the word "Confidential" next to or above any response to a discovery request; and

      c)      With respect to any transcribed testimony, by giving written notice to opposing counsel designating such testimony, or portions thereof, as "Confidential" not later than twenty-one (21) calendar days after receipt of the transcribed testimony. Prior to the expiration of the 21 day period, the parties will treat transcribed testimony as Confidential Information upon an oral statement on the record by counsel, unless the parties agree otherwise. Any oral deposition testimony may be designated as Confidential Information prior to the receipt of transcribed testimony unless agreed upon by both sides on the record, but must be later designated as Confidential Information pursuant to this paragraph 3(c) to be treated as Confidential Information.

4.      Any information designated by a party as confidential must first be reviewed by a lawyer who must be able to certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under FED. R. CIV. P. 26(c)(1).

5.      All Confidential Information provided by any of the parties in response to a disclosure or discovery request, or pursuant to a disclosure obligation, or in oral or transcribed testimony, or by any third party pursuant to a subpoena duces tecum or in oral or transcribed testimony, shall be subject to the following restrictions:

      a)      It shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever, personal, business, or otherwise.

      b)      It shall not be communicated, transmitted or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone except individuals authorized to access or review Confidential Information for the purpose of litigating this case.

      6.      Individuals authorized to access or review Confidential Information pursuant to this Stipulated Protective Order are:

      a)      The above-captioned parties, their undersigned counsel and respective law firms,

      b)      Support staff utilized by counsel, expert consultants and expert witnesses retained by the parties or their counsel,

      c)      The Court and court staff,

      d)      Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action,

      e)      Deponents, witnesses, or potential witnesses; and

      f)      Any other persons (or class of persons) the parties may jointly designate in writing.

Such individuals shall hold all Confidential Information in confidence and shall not disclose it either verbally, in writing, electronically, or otherwise to any person, entity, or agency not authorized to have access to the same, except as provided in this Order or as otherwise authorized by the Court. Expert consultants and/or expert witnesses, and such other third-parties as the parties may allow to have access to Confidential Information under the terms of this order, shall be advised of the terms of this Stipulated Protective Order.

7. Legal counsel for the parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Stipulated Protective Order and ensure that persons to whom they provide Confidential Information are fully informed in writing regarding the contents and limitations set forth in this order. Notwithstanding the foregoing, the parties, their legal counsel, law firms and support staff, and court personnel and stenographic reporters, need not be informed in writing regarding the contents and limitations set forth in this order.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to make [file] an appropriate motion *pursuant to MJ Mix's discovery procedures* requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely made [filed], the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make [file] such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion made [filed] under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

9. No copies of Confidential Information shall be made except by or on behalf of

5

legal counsel for attorney work product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.L.CivR 7.2. Copies shall only be made and used for purposes of this litigation and no other.

10. The terms of this Protective Order shall survive the termination of this action and remain in force in perpetuity and the Court may maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof. Upon conclusion of the litigation, including the time necessary to take and/or exhaust any appeals, any person in possession of Confidential Information under the terms of the order shall destroy any Confidential Information by shredding or other mutually acceptable method of permanent destruction. Notwithstanding the foregoing, legal counsel may retain a complete case file including Confidential Information for a period not longer than two (2) years from the final conclusion of the litigation, after which all retained Confidential Information shall be timely destroyed as provided for in this paragraph.

11. The parties' stipulation to the entry of this order is not intended and shall not be construed as a waiver or adoption of any position with regard to the authenticity, relevancy or admissibility of any document or other information subject to, produced, or disclosed under the terms of this Stipulated Protective Order; nor shall it be construed as or used to assert a waiver by any party that a particular document, record or other piece of information is properly discoverable.

12. Nothing in this order shall relieve any party or legal counsel from their obligations under FED.R.CIV.P. 26(b)(5), or from filing a motion as it may deem appropriate or

necessary from time to time seeking additional or different protection from the Court under FED.R.CIV.P. 26(c) with regard to confidential or other information.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Entered on this _____ day of _____ 2015.

**BY THE COURT**

_____
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| *s/Paul Gordon* | *s/ Edward M. Caswall* |
| Paul Gordon | Edward M. Caswall |
| Gordon & McWhirter, LLC | Sr. Assistant County Attorney |
| 5500 E. Yale Avenue, Suite 300 | Arapahoe County Attorney's Office |
| Denver, Colorado 80222 | 5334 S. Prince Street |
| Tele: 303-756-0800 | Littleton, Colorado 80120 |
| Email: pgordon@gorlaw.com | Tele: 303-795-4639 |
| | E-mail: jcaswall@arapahoegov.com |
| ***Counsel for Plaintiff*** | ***Counsel for Defendants*** |